# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| WDC ACQUISITION LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: _____ |
| ARKEMA INC., | ) ) **COMPLAINT and JURY DEMAND** ) ) |
| Defendant. | ) |

## COMPLAINT OF PLAINTIFF WDC ACQUISITION LLC

NOW COMES Plaintiff WDC Acquisition LLC (assignee of Wellman Dynamics Corporation) ("WDC"), by and through its counsel of record, and for its Complaint against Defendant Arkema Inc. ("Arkema") states as follows:

## STATEMENT OF THE CASE

1. This is a civil action under common law and the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"). There has been a release or threat of release of hazardous substances into the environment at a facility located at 1746 Commerce Road, Creston, Iowa 50801 ("Site"). WDC has incurred costs responding to the release or threat of release at the Site. Arkema is responsible in whole or in part for the release or threat of release at the Site. This lawsuit seeks recovery of WDC's damages and response activity costs from Arkema and also requests a declaratory judgment against Arkema pursuant to CERCLA Section 107 and 113, 42 U.S.C. §§ 9607, 9613, and 28 U.S.C. §§ 2201, 2202.

## PARTIES, JURISDICTION, AND VENUE

3. WDC is a Delaware limited liability company, with its corporate office located at 1746 Commerce Road, Creston, Iowa 50801.

4. Arkema is a Delaware corporation, with its headquarters located at 900 1st Avenue, King of Prussia, Pennsylvania 19406.

5. This Court has jurisdiction under 42 U.S.C. § 9613(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) because the release of hazardous substances and damages to WDC occurred in this district, and Arkema's acts and omissions that are the subject of this Complaint occurred in this district.

## GENERAL ALLEGATIONS

7. WDC owns the Site. WDC acquired the Site on May 7, 2018, pursuant to an asset purchase approved by the U.S. Bankruptcy Court for the Southern District of Iowa, including assignment of Wellman Dynamics Corporation environmental claims and assumption of ongoing U.S. EPA/IOWA environmental responsibilities.

8. From circa 1965 until 1967, Hills McCanna Company owned and operated the Site. Operations at the Site resulted in the release of hazardous substances, including thorium-containing material (radioactive source material), waste acids, chlorinated solvents, wastewater treatment sludge, and various heavy metals and foundry wastes, into the soil and groundwater at the Site.

9. In 1967, Wallace & Tiernan, Inc., acquired Hills McCanna Company and owned and operated the Site until 1969. Operations at the Site continued to result in the release of hazardous substances into the soil and groundwater at the Site.

10. In 1969, the Pennwalt Corporation acquired Wallace & Tiernan, Inc. Operations at the Site continued to result in the release of hazardous substances into the soil and groundwater at the Site. In particular, from circa 1970 to 1976, thorium-containing wastes from specialty castings manufactured at the Site were buried on-site. Those buried wastes are regulated by the Iowa Department of Public Health ("IDPH") and will need to be properly managed off-site and the Site decommissioned. In addition, during that timeframe an on-site industrial waste landfill was used for disposal of waste streams from operations at the Site, including foundry sand, baghouse dust, and treated magnesium dross wastes.

11. Arkema later acquired Pennwalt Corporation.

12. Arkema is the corporate successor to the resulting liability of Hills McCanna Company, Wallace & Tiernan, Inc., and Pennwalt Corporation.

13. WDC has and will continue to incur costs undertaking response activity at the Site, including response activity at various solid waste management units and areas of contamination at the Site.

## COUNT I
### (Cost-Recovery Under CERCLA)

14. WDC incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

15. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

16. WDC is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

17. Arkema itself, and in its capacity as a corporate successor, is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

18. Releases and threatened releases of "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) have occurred at and from the Site and into the environment.

19. Arkema, in its capacity as a corporate successor, was an owner and operator of the Site at the time of disposal and release of hazardous substances at and from the Site.

20. WDC has incurred response activity costs that are necessary and consistent with the National Contingency Plan as a result of the release or threatened release of hazardous substances at or from the Site.

21. WDC will continue to incur response activity costs that are and will be necessary and consistent with the National Contingency Plan as a result of the release or threatened release of hazardous substances at or from the Site.

22. Arkema is liable to WDC under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for any and all response costs incurred and to be incurred by WDC at the Site.

WHEREFORE, WDC respectfully requests that this Court (i) enter a judgment in its favor and against Arkema holding that Arkema is strictly, jointly and severally liable for the response costs incurred by WDC, including appropriate pre-judgment interest, in connection with the Site; (ii) enter a declaratory judgment under 28 U.S.C. § 2201 and 42 U.S.C. § 9613(g)(2) directing Arkema to pay all future response costs incurred by WDC in connection with the Site; (iii) award WDC interest and costs of suit, including reasonable attorney's fees and consultant fees as permitted by law and order any such other relief as the Court may deem just and appropriate under the circumstances.

## COUNT II
### (Contribution Under CERCLA)

23. WDC incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

24. WDC is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

25. Arkema itself, and in its capacity as a corporate successor, is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

26. Releases and threatened releases of "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) have occurred at and from the Site and into the environment.

27. Arkema, in its capacity as a corporate successor, was an owner and operator of the Site at the time of disposal and release of hazardous substances at and from the Site.

28. WDC has incurred response activity costs that are necessary and consistent with the National Contingency Plan as a result of the release or threatened release of hazardous substances at or from the Site.

29. WDC will continue to incur response activity costs that are and will be necessary and consistent with the National Contingency Plan as a result of the release or threatened release of hazardous substances at or from the Site.

30. WDC has incurred more than its equitable share of response costs at the Site.

31. Arkema, as a matter of law in its capacity as corporate successor and as a matter of equity, bears responsibility for the releases of hazardous substances at the Site from 1965 until 1975.

32. Arkema is liable to WDC for response costs incurred by WDC that are in excess of WDC's equitable share and that are more equitably borne by Arkema.

WHEREFORE, WDC respectfully requests that this Court (i) enter a judgment in its favor and against Arkema directing Arkema to pay its equitable percentage of the response costs incurred by WDC at the Site; (ii) enter a declaratory judgment under 28 U.S.C. § 2201 and 42 U.S.C. § 9613(g)(2) directing Arkema to pay its equitable percentage of all future response costs incurred by WDC in connection with the Site; (iii) award WDC interest and costs of suit, including reasonable attorney's fees and consultant fees as permitted by law and order any such other relief as the Court may deem just and appropriate under the circumstances.

## COUNT III
### (Common Law Trespass)

33. WDC incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

34. Arkema, in its capacity as corporate successor, unlawfully interfered with WDC's property and rights by causing the contamination at the Site.

35. The entry of the contamination at the Site was and continues to be an unauthorized invasion and intrusion onto the Site.

36. WDC has suffered damages as a result of Arkema's unlawful interference with its property or unauthorized intrusion of contamination onto their property.

37. By causing the entry of contamination into the Site, Arkema, in its capacity as corporate successor, has committed a trespass and is liable to WDC for all damages caused by the trespass.

WHEREFORE, WDC respectfully requests that this Court (i) hold Arkema liable on WDC's common law trespass claim, (ii) award WDC damages and costs, including reasonable

attorneys' fees, and (iii) grant WDC such further and other legal and equitable relief that this Court deems appropriate.

## COUNT IV
### (Common Law Negligence)

38. WDC incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

39. Arkema, in its capacity as corporate successor, owed a duty to WDC to dispose of solid and hazardous wastes in a manner that prevented release of hazardous substances and pollutants and contaminants into the environment.

40. Arkema, in its capacity as corporate successor, breached that duty.

41. Arkema, in its capacity as corporate successor, also owed a duty to WDC to diligently remediate all known contamination in a timely and effective manner in order to protect human health and the environment.

42. Arkema breached that duty.

43. As a result of Arkema's breaches of the duty of reasonable care, WDC has suffered and will continue to suffer damages.

44. Arkema, in its capacity as corporate successor, committed negligence through its acts and omissions relating to the releases of hazardous substances at the Site and is are liable to WDC for any and all damages arising out of this negligence.

WHEREFORE, WDC respectfully requests that this Court (i) hold Arkema liable on WDC's common law negligence claim, (ii) award WDC damages and costs, including reasonable attorneys' fees, and (iii) grant WDC such further and other legal and equitable relief that this Court deems appropriate.

## COUNT V

## (Nuisance)

45. WDC incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

46. The contamination released by Arkema, in its capacity as corporate successor, at the Site is injurious to health, indecent, or unreasonably offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere unreasonably with the comfortable enjoyment of property.

47. WDC has suffered and will continue to suffer damages as a result of Arkema's undue interference with WDC's use and comfortable enjoyment of its property.

48. Pursuant to Iowa Code § 657.1, Arkema, in its capacity as corporate successor, has created a nuisance by allowing or causing to allow the above-described contamination to enter WDC's property and WDC its entitled to relief abating and enjoining the nuisance and Arkema is liable to WDC for all damages arising out of the nuisance.

WHEREFORE, WDC respectfully requests that this Court (i) hold Arkema liable on WDC's common law nuisance claim, (ii) order Arkema to enjoin and abate the nuisance, (iii) award WDC damages and costs, including reasonable attorneys' fees, and (iv) grant WDC such further and other legal and equitable relief that this Court deems appropriate.

**WHEREFORE,** Plaintiff WDC Acquisition, LLC prays for an Order and Judgment in its favor on each of the above-mentioned counts, and any other relief this Court finds is just and appropriate.

## JURY DEMAND

The Plaintiff hereby demands trial by jury on all appropriate counts in the above Complaint.

Dated:  December 1, 2023        Respectfully submitted,

By:  /s/  *Blake R. Hanson*
Blake R. Hanson
Benjamin Kenkel
BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.
801 Grand Avenue, Suite 3700
Des Moines, Iowa  50309-8004
PHONE: (515) 246-5853
PHONE: (515) 246-5891
FAX:      (515) 246-5808
E-mail:   hanson.blake@bradshawlaw.com
E-mail:   kenkel.benjamin@bradshawlaw.com
**ATTORNEYS FOR PLAINTIFF**

Charles M. Denton  (***Pro Hac Vice*** Pending)
Scott M. Watson (***Pro Hac Vice*** Pending)
Barnes & Thornburg, LLP
171 Monroe Ave NW, Ste. 1000
Grand Rapids, MI 49503
PHONE: (616) 742-3974
PHONE: (616) 742-3991
E-mail:   charles.denton@btlaw.com
E-mail:   scott.watson@btlaw.com
**ATTORNEYS FOR PLAINTIFF**

Todd C. Toral  (***Pro Hac Vice*** Pending)
Jenner & Block, LLC
515 S. Flower Street, Ste. 3300
Los Angeles, CA 90071
PHONE: (213) 239-5127
E-mail:  TToral@jenner.com
**ATTORNEY FOR PLAINTIFF**