IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| WDC ACQUISITION LLC,<br><br>     Plaintiff,<br><br>v.<br><br>ARKEMA INC.,<br><br>     Defendant. | CASE NO.:  4:23-cv-00481-SMR-WPK<br><br>**WDC ACQUISITION LLC'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT** |

Under Federal Rule of Civil Procedure 15(a), motions for leave to amend should be freely granted. Under this "liberal amendment policy," denial of leave to amend is appropriate only in "limited circumstances" where the non-moving party can demonstrate "undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001). WDC's Motion is filed before the February 28, 2025, deadline under the Court's Scheduling Order [ECF No. 67], and amendment at this relatively early procedural stage will not result in any undue delay or prejudice to Arkema.

This action was originally filed on December 1, 2023, with a Complaint alleging cost recovery and contribution claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") as well as common law claims for trespass, negligence, and nuisance. [ECF No. 1.] On January 30, 2024, Arkema filed a partial Motion to Dismiss WDC's common law claims. [ECF No. 17.] On June 3, 2024, the Court granted Arkema's partial Motion to Dismiss. [ECF No. 50]

On July 31, 2024, WDC filed a Motion asking the Court to reconsider its dismissal of

WDC's negligence claim, or, alternatively, to certify a question to the Iowa Supreme Court pursuant to Iowa Code section 684A.1. [ECF No. 54.] That motion remains pending.

In addition to its CERCLA and common law claims, WDC is also entitled to relief under Section 7002(a)(1)(B) of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901(a)(1)(B). On November 7, 2023, WDC (i) provided formal notice to counsel for Arkema of its intent to assert a RCRA claim against Arkema and (ii) served formal notice on the Administrator of the U.S. Environmental Protection Agency, the Regional Administrator of Region 7 of the U.S. Environmental Protection Agency, and the Director of the Iowa Department of Natural Resources. A copy of that notice is attached as Exhibit 1 to WDC's proposed First Amended Complaint.

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that after service of a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave [and t]he court should freely give leave when justice so requires." The United States Supreme Court has emphasized that leave to amend under Rule 15(a) should be granted unless there is a specific, significant reason for denial:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000); *Beeck v. Aquaslide "N" Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977).

The U.S. Court of Appeals for the Eighth Circuit has explained that "[g]iven the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (referring to

2

*Foman* for the "classic" good reasons for rejecting an amendment). Denial "is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman*). "'The burden of proof of prejudice is on the party opposing the amendment.'" *Id.* (quoted citation omitted). Under this liberal standard, and in the interests of justice, WDC should be granted leave to file the Amended Complaint.

At the time WDC filed its Complaint on December 1, 2023, it could not have asserted a RCRA claim because the 90-day notice period under 42 U.S.C. § 6972(b)(2) for WDC to file a claim under 42 U.S.C. § 6972(a)(1)(B) expired on February 5, 2024. Additionally, 42 U.S.C. § 6972(b)(2) prohibits an action under 42 U.S.C. § 6972 (a)(1)(B) where the United States or the State has taken certain actions. WDC appropriately waited as long as reasonably possible after the minimum 90-day notice period to allow the United States or the State of Iowa to take action against Arkema. Because no such action has been taken, and with the February 18, 2025, deadline for amended pleadings upcoming, WDC now seeks to amend its Complaint to add a claim seeking relief under RCRA Section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B).

The timing of WDC's motion also relates to its pending Motion for Reconsideration. A ruling on WDC's Motion for Reconsideration would have impacted the common law claims that are included in WDC's First Amended Complaint, and WDC postponed moving for leave to amend while it awaited that decision so that it could tailor its First Amended Complaint accordingly. There has been no undue delay, bad faith, or dilatory motive on the part of WDC in seeking leave to amend its Complaint now. In fact, to avoid such arguments, WDC is filing this motion in advance of a ruling on its Motion for Reconsideration to ensure that the Motion for Leave is filed

and considered within the window for amendment of the pleadings.

More generally, this case is still in an early stage, and allowing WDC's proposed amendment will not result in any incremental delay. The parties have exchanged some discovery, but document discovery is still ongoing. The parties are coordinating scheduling of depositions, but no depositions have yet occurred. Additionally, WDC's Motion for Reconsideration is pending, and resolution of that motion will impact the claims that will ultimately be at issue in this case. Regardless, in *Hanson v. Hunt Oil Co.*, the U.S. Court of Appeals for the Eighth Circuit confirmed that "[o]rdinarily, delay alone is an insufficient basis for denying leave to amend." 398 F.2d 578, 582 (8th Cir. 1968); *see also Roberson*, 241 F.3d at 995 ("Delay alone is not a reason in and of itself to deny leave to amend.").

The proposed amendment will also not unduly prejudice Arkema. Arkema will have time to develop its defenses to WDC's RCRA claim. Importantly, the proposed First Amended Complaint does not add any new factual issues—the underlying factual basis for WDC's RCRA claim is the same as the factual basis for its other claims. In fact, many of the documents already exchanged between the parties will also relate to WDC's RCRA claim.

Finally, this is WDC's first motion for leave to amend. As such, there have not been any repeated failures to cure deficiencies by amendments previously allowed.

For the reasons set forth above, WDC respectfully requests that this Court grant WDC's Motion for Leave to Amend its Complaint under Federal Rule of Civil Procedure 15(a), that the proposed First Amended Complaint attached hereto be deemed filed as of the date of this Court's Order granting this Motion, and for all other just and proper relief.

*/s/ Lindsay Vaught*
Jason M. Craig
Lindsay A. Vaught
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, IA 50309
Phone: (515) 246-0333
Fax: (515) 243-2149
E-mail: jcraig@ahlerslaw.com
E-mail: lvaught@ahlerslaw.com


Charles M. Denton (pro hac vice)
Scott M. Watson (pro hac vice)
BARNES & THORNBURG, LLP
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
Phone: (616) 742-3974
Phone: (616) 742-3991
E-mail: charles.denton@btlaw.com
E-mail: scott.watson@btlaw.com


Todd C. Toral (pro hac vice)
Tal Ratner Solovey (pro hac vice)
JENNER & BLOCK, LLP
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Phone: (213) 239-2294
Phone: (213) 239-2204
E-mail: ttoral@jenner.com
E-mail: tratnersolovey@jenner.com

**ATTORNEYS FOR PLAINTIFF
WDC ACQUISITION LLC**

---

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective mailing/email address as disclosed by the pleadings of record herein, on the 10th day of January, 2025, by:

- ☐ US MAIL
- ☐ EDMS
- ☐ SHAREFILE
- ☐ EMAIL
- ☒ CM/ECF
- ☐ OTHER _____

/s/   Lindsay A Vaught