**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| WDC ACQUISITION LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARKEMA, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>TRIVE CAPITAL MANAGEMENT LLC, TC OPERATING PARTNERS LLC, TCTM FINANCIAL FS LLC, TRM ADVISORS LP, TRM EQUITYFUND II LP, TRM WD HOLDINGS, LLC, TRM WD ACQUISITION CORP., INC., and WDC ACQUISITION HOLDING COMPANY LLC,<br><br>Third-Party Defendants. | Case No. 4:23-cv-00481-SMR-WPK |

**PLAINTIFF WDC ACQUISITION LLC'S**
**SECOND AMENDED COMPLAINT**

Plaintiff WDC Acquisition LLC (assignee of Wellman Dynamics Corporation) ("**WDC**"), for its Second Amended Complaint against Defendant Arkema Inc. ("**Arkema**"), states as follows:

**STATEMENT OF THE CASE**

1. This is a civil action under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, *et seq.* ("**CERCLA**") and the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.* ("**RCRA**"). There has been a release or threat of release of hazardous substances to the environment at a facility located at 1746 Commerce Road, Creston, Iowa 50801 ("Site"). WDC has incurred costs responding to that release or threat of release. Arkema is responsible in whole or in part for the release or threat of release. This lawsuit

seeks (i) recovery of WDC's response activity costs, incurred as a result of entering into an Environmental Settlement Agreement, from Arkema, (ii) a declaratory judgment against Arkema pursuant to CERCLA Section 113, 42 U.S.C. § 9613, and 28 U.S.C. §§ 2201, 2202, and (iii) and an order under RCRA Section 7002, 42 U.S.C. § 6972(a)(1)(B) directing Arkema to immediately take all corrective actions necessary to properly remediate the contamination at and from the Site, along with awarding WDC's costs of litigation, including attorneys' fees, pursuant to RCRA Section 7002(e), 42 U.S.C. § 6972(e).

**PARTIES, JURISDICTION, AND VENUE**

2. WDC is a Delaware limited liability company, with its corporate office located at 1746 Commerce Rod, Creston, Iowa 50801.

3. Arkema is a Delaware corporation, with its headquarters located at 900 1st Avenue, King of Prussia, Pennsylvania 19406.

4. This Court has jurisdiction under 42 U.S.C. §§ 6972, 9613(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

5. Venue is proper in this district under 28 U.S.C. § 1391(b), 42 U.S.C. § 9613(b), and 42 U.S.C. § 6972(a).

**GENERAL ALLEGATIONS**

6. WDC owns the Site. WDC acquired the Site on May 7, 2018, pursuant to an asset purchase approved by the U.S. Bankruptcy Court for the Southern District of Iowa, including assignment of Wellman Dynamics Corporation environmental claims and assumption of ongoing U.S. EPA and Iowa Department of Natural Resources environmental responsibilities.

7. From circa 1965 until 1967, Hills McCanna Company owned the Site. Hills McCanna Company operations at the Site resulted in the release of hazardous substances,

including thorium-containing material (radioactive source material), waste acids, chlorinated solvents, wastewater treatment sludge, and various heavy metals and foundry wastes, into the soil and groundwater at the Site.

8. In 1967, Wallace & Tiernan, Inc., acquired the shares of Hills McCanna Company, which continued to own the Site. Wallace & Tiernan, Inc., operations at the Site continued to result in the release of hazardous substances into the soil and groundwater at the Site.

9. In 1969, Wallace & Tiernan, Inc., merged with Pennsalt Chemicals Corporation to become Pennwalt Corporation.

10. Pennwalt Corporation operations at the Site continued to result in the release of hazardous substances into the soil and groundwater at the Site. In particular, from circa 1970 to 1976, thorium-containing wastes from specialty castings manufactured at the Site were buried on-site. Those buried wastes are regulated by the Iowa Department of Public Health ("IDPH") and will need to be properly managed off-site and the Site decommissioned. In addition, during that timeframe an on-site industrial waste landfill was used for disposal of waste streams from operations at the Site, including foundry sand, baghouse dust, and treated magnesium dross wastes.

11. On December 31, 1989, Atochem Inc. and M&T Chemicals Inc. merged into Pennwalt Corporation, and Pennwalt Corporation was renamed Atochem North America, Inc.

12. Effective December 31, 1991, Atochem North America, Inc. changed its name to Elf Atochem North America, Inc.

13. In 2000, Elf Atochem North America, Inc. changed its name to Atofina Chemicals, Inc.

14. In 2004, Atofina Chemicals, Inc. changed its name to Arkema Inc.

15. Arkema is the corporate successor to Hills McCanna Company and Wallace & Tiernan, Inc.

16. WDC has and will continue to incur costs undertaking response activity at the Site, including response activity at various solid waste management units and areas of contamination at the Site.

**COUNT I**
**(Contribution Under CERCLA)**

17. WDC incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

18. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

19. WDC is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

20. Arkema itself, and in its capacity as a corporate successor to Hills McCanna Company and Wallace & Tiernan, Inc., is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

21. Releases and threatened releases of "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) have occurred at and from the Site and into the environment.

22. Arkema, in its capacity as a corporate successor to Hills McCanna Company and Wallace & Tiernan, Inc., was an owner of the Site at the time of disposal and release of hazardous substances at and from the Site.

23. Arkema itself, and in its capacity as a corporate successor to Hills McCanna Company and Wallace & Tiernan, Inc., was an operator of the Site at the time of disposal and release of hazardous substances at and from the Site

24. WDC has incurred response activity costs that are necessary and consistent with the National Contingency Plan as a result of the release or threatened release of hazardous substances at or from the Site.

25. WDC will continue to incur response activity costs that are and will be necessary and consistent with the National Contingency Plan as a result of the release or threatened release of hazardous substances at or from the Site.

26. WDC has incurred more than its equitable share of response costs at the Site.

27. Arkema, as a matter of law in its capacity as corporate successor to Hills McCanna Company and Wallace & Tiernan, Inc., and as a matter of equity, bears responsibility for the releases of hazardous substances at the Site from 1965 until 1975.

28. Arkema is liable to WDC for response costs incurred by WDC that are in excess of WDC's equitable share and that are more equitably borne by Arkema.

WHEREFORE, WDC respectfully requests that this Court (i) enter a judgment in its favor and against Arkema directing Arkema to pay its equitable percentage of the response costs incurred by WDC at the Site; (ii) enter a declaratory judgment under 28 U.S.C. § 2201 and 42 U.S.C. § 9613(g)(2) directing Arkema to pay its equitable percentage of all future response costs incurred by WDC in connection with the Site; (iii) award WDC interest and costs of suit, including reasonable attorney's fees and consultant fees as permitted by law and order any such other relief as the Court may deem just and appropriate under the circumstances.

**COUNT II**
**(RCRA Citizens' Suit)**

29. WDC incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

30. Arkema itself, and in its capacity as a corporate successor to Hills McCanna Company and Wallace & Tiernan, Inc., is a "person" within the meaning of Section 1004(15) of RCRA, 42 U.S.C. § 6903(15).

31. Arkema itself, and in its capacity as corporate successor to Hills McCanna Company and Wallace & Tiernan, Inc., contributed to the past or present handling, storage, treatment, transportation, or disposal of solid waste or hazardous waste at the Site which may present an imminent and substantial endangerment to health or the environment.

32. Thorium and volatile organic compounds ("**VOC**") are not naturally occurring at the Site. The presence of thorium and VOCs at the Site relate to industrial activity which took place at least from the 1960s through the 1970s.

33. The environmental condition of the Site cannot be left unabated. For example, hazardous waste streams, including thorium-containing waste, was generated and buried on-Site during the 1960s and 1970s. Those waste streams pose a threat to human health and the environment that must be addressed.

34. Wastes associated with various solid waste management units at the Site were also discarded when Arkema, through its predecessors, operated the Site. The current presence of those wastes at the Site requires ongoing monitoring and management, including future response actions to remediate the contamination in soil and groundwater at the Site.

35. According to the EPA's 2003 Administrative Order on Consent (attached as EXHIBIT 2 to this Second Amended Complaint), hazardous wastes or hazardous constituents have

been or may be released into the environment from the Site via surface water, soils, groundwater, and air.

36. According to the EPA's 2003 Administrative Order on Consent, numerous hazardous wastes and/or constituents present at the Site pose a threat to human health or the environment, including chromium, tetrachloroethylene, and lead.

37. The "Conclusions of Law and Determinations" contained within the EPA's 2003 Administrative Order on Consent conclude that "[c]ertain wastes and constituents found at the Facility are hazardous wastes and/or hazardous constituents pursuant to Section 1004(5) of RCRA, 42 U.S.C. § 6903(5), Section 3001 of RCRA, 42 U.S.C. § 6921, and 40 C.F.R. Part 261" and that the "actions required by [the 2003 Administrative Order on Consent] are necessary to protect human health and/or the environment."

38. Among the work required to be performed by the EPA's Administrative Order on Consent is the RCRA Facility Investigation and subsequent related submissions.

39. According to the EPA's 2022 Risk Assessment (attached as EXHIBIT 3 to this Second Amended Complaint), current and future industrial/commercial workers present at the Site may be exposed to groundwater through ingestion, dermal contact, and inhalation, and may be exposed to soil on Site via incidental ingestion of, dermal contact with, and inhalation of vapors and dust from the soil surface.

40. According to the EPA's 2022 Risk Assessment, current and future construction workers present at the Site may be exposed to subsurface soil via incidental ingestion of, dermal contact with, and inhalation of vapors and dust from subsurface soil. Current and future construction workers may also be exposed via dermal contact and inhalation to volatile contaminants of potential concern that have migrated from groundwater into the air.

41. According to the EPA's 2022 Risk Assessment, current and future utility workers may be exposed to groundwater and soil on Site via similar methods as those described for current and future industrial/commercial works and current and former construction workers.

42. According to the EPA's 2022 Risk Assessment, exposure to groundwater, soil, and subsurface soil may result in risks associated with exposure to several contaminants, including, but not limited to, VOCs such as 1,2-dichloroethane, benzene, PCE, TCE, and vinyl chloride.

43. Groundwater and soil at the Site contaminated with VOCs such as 1,2-dichloroethane, benzene, PCE, TCE, and vinyl chloride present an imminent and substantial endangerment to health and the environment.

44. On November 7, 2023, WDC provided the notice required under 42 U.S.C. § 6972(b)(2) (attached as EXHIBIT 1 to this Second Amended Complaint).

45. WDC is entitled to relief under RCRA Section 7002(a), 42 U.S.C. § 6972(a), requiring Arkema to take action, including a complete, timely, and appropriate investigation and abatement of all actual and potential endangerments arising from the "solid waste" and "hazardous waste" at and emanating from the Site as may be necessary to abate the actual and potential endangerment at issue.

WHEREFORE, WDC respectfully requests that this Court enter a judgment in its favor against Arkema finding that Arkema is responsible for an imminent and substantial endangerment to health, the environment, or both, and directing Arkema to (i) immediately take all corrective actions necessary to properly abate the endangerment in compliance with all applicable law, and (ii) reimburse WDC for its costs of litigation, including attorneys' fees, pursuant to RCRA Section 7002(e), 42 U.S.C. § 6972(e).

Dated: November 22, 2025

*/s/ Lindsay Vaught*_______________
Jason M. Craig
Lindsay A. Vaught
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, IA 50309
Phone: (515) 246-0333
Fax: (515) 243-2149
E-mail: jcraig@ahlerslaw.com
E-mail: lvaught@ahlerslaw.com

Charles M. Denton (pro hac vice)
Scott M. Watson (pro hac vice)
Duncan T. Justice (pro hac vice)
BARNES & THORNBURG, LLP
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
Phone: (616) 742-3974
Phone: (616) 742-3991
E-mail: charles.denton@btlaw.com
E-mail: scott.watson@btlaw.com
E-mail: djustice@btlaw.com

Todd C. Toral (pro hac vice)
Tal Ratner Solovey (pro hac vice)
JENNER & BLOCK, LLP
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Phone: (213) 239-2294
Phone: (213) 239-2204
E-mail: ttoral@jenner.com
E-mail: tratnersolovey@jenner.com

**ATTORNEYS FOR PLAINTIFF**
**WDC ACQUISITION LLC**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective mailing/email address as disclosed by the pleadings of record herein, on the 22nd day of November, 2025, by:

| | |
|---|---|
| ☐ US MAIL | ☐ EMAIL |
| ☐ EDMS | ☒ CM/ECF |
| ☐ SHAREFILE | ☐ OTHER ______ |

/s/ *Lindsay A Vaught*