**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| WDC ACQUISITION LLC,<br><br>     *Plaintiff,*<br><br>  v.<br><br>ARKEMA INC.,<br><br>     *Defendant and Third-Party Plaintiff,*<br><br>  v.<br><br>TRIVE CAPITAL MANAGEMENT LLC, TC OPERATING PARTNERS LLC, TCTM FINANCIAL FS LLC, WDC ACQUISITION HOLDING COMPANY LLC, TRM ADVISORS LP, TRM EQUITY FUND II LP, TRM WD HOLDINGS, LLC, and TRM WD ACQUISITION, LLC,<br><br>     *Third-Party Defendants.* | Case No. 4:23-cv-00481-SMR-WPK |

**ARKEMA INC.'S MOTION TO DEFER WDC ACQUISITION
LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. No. 187)**

WDC Acquisition LLC's ("WDC's") motion for summary judgment (Doc. No. 187) is premature, and the Court should defer considering it to allow time for discovery pursuant to Rule 56(d). Expert discovery has not yet begun. Eight third-party defendants likely to have relevant information in their possession, custody, or control were recently added to this litigation, and written discovery issued to them is outstanding. None of the corporate representatives for any party have been deposed. Written discovery on WDC's recently repleaded claim under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.* ("RCRA") was only just issued to WDC and is still outstanding. Arkema Inc. ("Arkema") needs this discovery to finish developing its defenses and to meaningfully respond to WDC's motion—which seeks a broad order holding that

1

Arkema is liable under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, *et seq.* ("CERCLA") and RCRA for the conditions at the Site based on allegations that some substances were allegedly released by other entities five decades ago.

And the Court's scheduling order provides Arkema with that time to develop its defenses. *See* Doc. No. 171. Under the scheduling order, which WDC consented to and which was entered only a month before WDC's premature motion, WDC's expert reports (which WDC has not yet disclosed) are not due until November 13, 2026. *Id.* Arkema has until January 7, 2027, to disclose its expert reports. *Id.* The parties have until April 16, 2027, to complete discovery. *Id.* And dispositive motions are not due until May 17, 2027. *Id.*

For these reasons and those explained below, Arkema respectfully requests that the Court either deny WDC's motion without prejudice or defer consideration of WDC's motion until after the discovery deadline and order that Arkema's resistance to WDC's motion is not due until 21 days after the close of discovery.

## BACKGROUND

"WDC purchased the Site in connection with a bankruptcy proceeding for $1," Doc. No. 50 at 13 n.4, and with full knowledge of the Site's environmental condition. As part of its purchase, WDC assumed ongoing environmental responsibilities at the Site as set forth in an environmental settlement agreement. *See* Doc. No. 129 at 11–13. Notwithstanding its assumption of these environmental obligations and the related discount it received for the Site, WDC initiated this litigation seeking to hold Arkema liable for assessing and remediating the entire Site. As the Court has noted, WDC from the start of the case deployed tactics to try to rob Arkema of its defenses, and those tactics are inconsistent with WDC's obligations under the Rules of Civil Procedure. *See*

Doc. No. 128 at 2 (the Court noting it had "to compel WDC to produce responsive discovery requests to Arkema on *three* separate occasions" (emphasis in original)).

While WDC asserted its CERCLA § 113 contribution claim in its original complaint, it chose to wait until last year to assert its claim under RCRA. *See* Doc. No. 93 at 7–8. Arkema timely moved to dismiss WDC's RCRA claim, and the Court dismissed WDC's RCRA claim without prejudice. Doc. No. 129 at 17. WDC refiled its RCRA claim only about two months ago. Doc. No. 155 at 6–8. In response to WDC's amended complaint reasserting its RCRA claim, Arkema filed an amended answer asserting 27 affirmative defenses to liability, including that WDC's claims are barred by the applicable statute of limitations or one of several equitable doctrines, WDC's claims are barred by its own actions or the actions of others, and WDC is not entitled to recovery against Arkema under CERCLA or RCRA, among other defenses. Doc. No. 169 at 11–17.

The parties did not conduct discovery on WDC's RCRA claim while Arkema's motion to dismiss was pending, and instead focused resources on other outstanding issues. *See* Ex. 1, J. Celender Dec. at ¶ 10. Arkema served WDC with written discovery regarding WDC's RCRA claim on January 26, 2026, and WDC's responses are due February 25, 2026. Ex. 2, ROGs to WDC; Ex. 3, RFPs to WDC.

About three months ago, the Court (over WDC's objection) granted Arkema leave to file a third-party complaint and join eight additional entities to this litigation, Trive Capital Management LLC, TC Operating Partners LLC, TCTM Financial FS LLC, and WDC Acquisition Holding Company LLC (collectively, "Trive"), WDC's former private-equity investors, and TRM Advisors LP, TRM Equity Fund II LP, TRM WD Holdings, LLC, and TRM WD Acquisition, LLC (collectively, "TRM"), WDC's current private-equity investors. *See* Doc. No. 128. Arkema served Trive and TRM with written discovery intended to develop its defenses against WDC's claims,

among other things, on January 26, 2026, and Trive and TRM's responses are due February 25, 2026. Ex. 4, ROGs to Trive; Ex. 5, RFPs to Trive; Ex. 6, ROGs to TRM; Ex. 7, RFPs to TRM.

None of the parties' corporate representatives have been deposed. Ex. 1, J. Celender Dec. at ¶ 5. Pursuant to a stipulation submitted by WDC and Arkema, the Court ordered that "WDC and Arkema shall meet and confer with the Third-Party Defendants regarding a stipulated protocol for taking each Party's corporate representative deposition." Doc. No. 139 at 1. Arkema initiated these meet-and-confer efforts recently, and the parties are scheduled to meet and confer on a stipulated protocol for corporate representative depositions tomorrow (Tuesday, February 3rd). *See* Ex. 8, Emails Btw. Counsel.

On December 15, 2025, the Court entered a Scheduling Order and Discovery Plan that was submitted with the consent of all parties, including WDC. Doc. No. 171. Under the scheduling order, WDC has until November 13, 2026, to disclose its expert reports. *Id.* Arkema has until January 7, 2027, to disclose its expert reports. *Id.* The parties have until April 16, 2027, to complete discovery. *Id.* And dispositive motions are not due until May 17, 2027. *Id.*

Only a month after the Court entered the scheduling order it agreed to, WDC filed its motion for summary judgment. Thought styled as a motion for "partial" summary judgment, WDC's motion requests a broad order holding that Arkema is liable under CERCLA and RCRA for the entire current condition of the Site. *See* Doc. No. 187-1 at 10, 12.

## **LEGAL STANDARD**

Summary judgment "'is proper only after the nonmovant has had adequate time for discovery.'" *Cross Creek, LLC v. Midea Am. Corp.*, No. 22-9, 2023 WL 2441645, at *2 (S.D. Iowa Jan. 17, 2023) (Jackson, Jr., C.M.J.) (quoting *In re Temporomandibular Joint Implants Prods. Liab. Litig.*, 113 F.3d 1484, 1489–90 (8th Cir. 1997)). The Federal Rules of Civil Procedure "allow

a party defending against a summary judgment motion to request a court to postpone a decision until completion of adequate discovery." *Intervarsity Christian Fellowship/USA v. The Univ. of Iowa*, No. 18-80, 2019 WL 9575232, at *2 (S.D. Iowa Mar. 12, 2019) (Jackson, Jr., C.M.J.) (internals omitted). Specifically, Rule 56(d)[1] provides that a court presented with a premature motion for summary judgment may deny it, defer considering it, allow time for discovery, or issue any other appropriate order. *See* Fed. R. Civ. P. 56(d).

The Eighth Circuit has instructed that Rule 56(d) "should be applied with a spirit of liberality." *U.S. ex rel Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (internals omitted). The party seeking relief under Rule 56(d) "must show: (1) that they have set forth in affidavit [or declaration] form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Strehlow v. Marshalltown Comm. Sch. Dist.*, No. 16-109, 2017 WL 3639398, at *1 (S.D. Iowa Mar. 28, 2017) (Adams, M.J.) (internals omitted). "But these requirements are not inflexible and district courts are vested with considerable discretion in their administration." *Light of the World Gospel Ministries, Inc. v. Vill. Of Walthill, Nebraska*, 336 F.R.D. 567, 573 (D. Neb. 2020) (cleaned up); *accord Strehlow*, 2017 WL 3639398, at *2 (granting Rule 56(d) motion even though it was untimely filed under LR 56.h and did not attach any affidavit or declaration as required by Rule 56(d) because an early summary judgment motion "effectively pushed up discovery requirements for plaintiff's counsel, who is engaged in a busy practice").

---

[1] Rule 56(d) "was formerly Rule 56(f)." *Hicks v. Renner*, No. 23-4121, 2025 WL 843708, at *3 (D.S.D. Mar. 18, 2025); *see also* Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). This motion therefore refers to precedents under former Rule 56(f) as applying to current Rule 56(d).

## ARGUMENT

**I.      The Court should deny WDC's motion without prejudice or defer ruling on it so that Arkema can conduct the discovery necessary to develop its defenses.**

Arkema's substantive response to WDC's motion—that WDC has not demonstrated its entitlement to summary judgment on liability as a matter of law—requires additional fact and expert discovery. The attached declaration sets forth in detail the additional fact and expert discovery that Arkema intends to take. *See* Ex. 1, J. Celender Dec. For example:

- Arkema expects that responses from WDC, Trive, and TRM to pending interrogatories and requests for production will provide relevant information regarding: (1) whether hazardous substances were released during the period when Arkema's alleged predecessors are alleged to have operated the Site; and (2) whether the Site presently poses imminent and substantial risks to health or the environment. *See id.* at ¶¶ 14(a.)(ii.), 14(c.)(ii.).

- Arkema intends to depose WDC regarding its basis for its contention that (1) a release of hazardous substances occurred during the period WDC alleges that Arkema's purported predecessors operated the Site; and (2) the Site may present an imminent and substantial endangerment to health and the environment. *See id.*

- Arkema intends to depose Penn Environmental & Remediation, Inc., Oak Ridge Associated Universities, and Earth Science Consultants, Inc. regarding the reports attached to WDC's motion for summary judgment, which WDC cites to for the proposition that a release of hazardous substances occurred during the period WDC alleges that Arkema's purported predecessors operated the Site. *See id.* at ¶¶ 14(a.)(i.), 14(b.)(ii.).

- Arkema intends to retain an expert to (1) respond to the reports authored by Penn Environmental & Remediation, Inc., Oak Ridge Associated Universities, and Earth Science Consultants, Inc., which are attached to WDC's motion; and (2) examine the conditions at the Site and evaluate from a toxicological perspective whether they may present an imminent and substantial endangerment to health and the environment. *See id.* at ¶¶ 14(a.)(i.), 14(b.)(i.), 14(c.)(i.).

Arkema expects this discovery will demonstrate that WDC is not entitled to summary judgment. *See Trimble v. ASARCO Inc.*, 83 F. Supp. 2d 1034, 1037–38 (D. Neb. 1999) (a *prima facie* claim under CERCLA requires, among other things, demonstrating "there was a release or threatened

release of a hazardous substance" and "the defendant is among a statutorily-defined group of persons" as set forth in 42 U.S.C. § 9607(a) (internals omitted)); 42 U.S.C. § 9607(a)(2) (under CERCLA, a "covered person" includes "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of"); *Short Creek Dev., LLC v. MFA Inc.*, No. 22-5021, 2022 WL 2881412, at *2 (W.D. Mo. July 21, 2022) (a *prima facie* claim under RCRA requires a showing that "conditions presenting or may present a imminent and substantial endangerment to health or the environment" (internals omitted)).

Further, district courts within the Eighth Circuit have recognized that summary judgment motions should be deferred under Rule 56(d) in complex cases where fact and expert discovery is ongoing. *Provisur Techs., Inc. v. Weber, Inc.*, No. 19-6021, 2021 WL 5702431, at *3 (W.D. Mo. Dec. 1, 2021) (holding a "motion for partial summary judgment is premature" in a "complicated" case where "fact and expert discovery is ongoing"). That rule holds extra force here, given that WDC a month before filing its premature motion agreed to a schedule that gives Arkema until January 2027 for its expert disclosures, Doc. No. 171 at 2, and that the issues raised in WDC's premature motion are typically the subject of expert testimony. *See Pakootas v. Teck Cominco Metals, Ltd.*, No. 04-256, 2011 WL 13112568, at *2 (E.D. Wash. Dec. 6, 2011) ("It is expert evidence which will determine the outcome of CERCLA strict liability inquiries in the case at bar. It is expert evidence which will determine if there has been a release or threatened release of hazardous substances from the [site] and whether a 'nexus' can be established between that release or threatened release and the Defendant."); *Hudson Riverkeeper Fund, Inc. v. Atl. Richfield Co.*, 138 F. Supp. 2d 482, 488 (S.D.N.Y. 2001) (in considering the imminent and substantial

endangerment prong of RCRA, noting "where, as here, there are conflicting expert reports presented, courts are wary of granting summary judgment" (collecting cases)).

Arkema is also entitled to respond to WDC's motion for summary judgment by asserting affirmative defenses, which must be supported by specific facts. *Hallmark Indus., Inc. v. Hallmark Licensing, LLC*, 417 F. Supp. 3d 1180, 1183 (W.D. Mo. 2019) ("The nonmoving party may resist summary judgment by asserting affirmative defenses, but it must support these defenses with specific facts." (citing *Hiland Partners GP Holdings, LLC v. Nat'l Union Fire Ins. Co.*, 847 F.3d 594, 601 (8th Cir. 2017)). Arkema intends to finish developing its affirmative defenses through the outstanding written discovery, corporate representative depositions of the parties, and expert discovery. Ex. 1, J. Celender Dec. at ¶ 15. These include Arkema's affirmative defense that WDC's claims are barred by the applicable statute of limitations or one of several equitable doctrines, WDC's claims are barred by its own actions or the actions of others, and WDC is not entitled to recovery against Arkema under CERCLA or RCRA, among other defenses. Arkema expects this discovery will demonstrate that WDC's premature motion should be denied and also Arkema's entitlement to summary judgment on liability.

In light of the Eighth Circuit's liberal construction of Rule 56(d), it would be inappropriate to rule on WDC's motion for summary judgment before Arkema has had the opportunity to conduct the discovery necessary to marshal specific facts in support of its affirmative defenses, particularly where the scheduling order WDC agreed to provides Arkema with more than a year to conduct that discovery. *See Strehlow*, 2017 WL 3639398, at *2 (granting Rule 56(d) motion even though it was untimely filed under LR 56.h and did not attach any affidavit or declaration as required by Rule 56(d) because an early summary judgment motion "effectively pushed up discovery requirements for plaintiff's counsel, who is engaged in a busy practice"); *accord*

8

*McElgunn v. CUNA Mut. Grp.*, No. 06-5061, 2007 WL 9773466, at \*2 (D.S.D. May 7, 2007) ("The court should not grant summary judgment on an issue before discovery on that issue is complete." (citing 10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2741, at 414–16 (3d ed.1998))).

## CONCLUSION

WDC's motion for summary judgment is premature. Expert discovery has not yet begun. None of the parties have been deposed. WDC, Trive, and TRM have outstanding responses to written discovery requests. All this discovery will be relevant to the issues raised in WDC's motion for summary judgment, and Arkema has until January 7, 2027, to make its expert disclosures and until April 16, 2027, to complete discovery under the recently entered scheduling order that WDC agreed to. Under Rule 56(d)'s liberal construction mandated by the Eighth Circuit, Arkema has demonstrated above and in the attached declaration its entitlement to relief.

Arkema therefore respectfully requests that the Court (1) either deny WDC's motion without prejudice or defer consideration of WDC's motion until after the discovery deadline and order that Arkema's resistance to WDC's motion is not due until 21 days after the close of discovery; and (2) grant such other, further relief as the Court deems just and proper.

Dated: February 2, 2026

Respectfully submitted,

**K&L Gates LLP**

By: */s/ Jackie S. Celender*
Jackie S. Celender (*pro hac vice*)
Wesley A. Prichard (*pro hac vice*)
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-8678
jackie.celender@klgates.com
wesley.prichard@klgates.com

**LEDERER WESTON CRAIG P.L.C.**
J. Michael Weston            AT0008405
118 Third Avenue SE, Suite 700
P.O. Box 1927
Cedar Rapids, IA  52406-1927
Phone:  (319) 365-1184
Fax:     (319) 365-1186
E-mail:  mweston@lwclawyers.com

**ARENTFOX SCHIFF LLP**
Daniel J. Deeb (*pro hac vice*)
Sarah L. Lode (*pro hac vice*)
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5532
dan.deeb@afslaw.com
sarah.lode@afslaw.com

**ATTORNEYS FOR DEFENDANT
AND THIRD-PARTY PLAINTIFF
ARKEMA INC.**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa, Central Division, using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jackie S. Celender*
Jackie S. Celender
